PER CURIAM.
Timothy Wade Griffin appeals from a conviction of nine counts of wholesale distribution of obscene material on the grounds that the jury instruction failed to sufficiently set forth the essential elements of the crime of obscenity. We affirm.
A review of the record reveals that there was an extensive discussion between counsel and the trial judge concerning the jury instructions in this case. The attorney had every opportunity to present proposed instructions, which he did, and to discuss or challenge the instructions the court proposed. The record also reveals no contention was made by counsel that the instructions would be fatally defective if they failed to include the specific words, “patently offensive.” As the final instruction was set forth by the trial judge, counsel was silent when he should have objected; and when he did speak, the words spoken could be construed as agreement, The general objection as to the trial court’s refusal to use Griffin’s proposed instructions was not sufficiently specific enough to preserve the point for appeal. Rule 3.390, Pla.R.Crim.P.
Furthermore, we hold that the failure to use the two words, “patently offensive,” was not of a constitutional dimension. While it is true that the cases cited by appellant include those specific words, the words used in the final instruction were of equal import.
AFFIRMED.
McCORD, Acting C. J., and BOOTH and LARRY G. SMITH, JJ., concur.